UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KATRINA EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:17cv54 |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a motion for award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed by the Plaintiff on January 9, 2018. On January 22, 2018, the Commissioner filed a response to which Plaintiff replied on January 29, 2018. Also, on January 29, 2018, Plaintiff filed a supplemental motion for award of attorney fees.

For the following reasons, the motions will be granted.

Discussion

On October 10, 2017, this court entered a judgment in this case vacating the decision of the Commissioner and remanding the case for a new proceeding before an ALJ. In order for a Social Security disability claimant to obtain an award of attorney's fees against the Federal Government pursuant to the EAJA, 28 U.S.C. Section 2412, this court must find: (1) that the claimant was the prevailing party; (2) that the claimant had a net worth not exceeding two million dollars ($2,000,000.00) at the time the action was filed; (3) that the position of the United States in the litigation or in the action (or failure to act) of the agency on which the civil action is

based was not substantially justified and that there are no special circumstances which make an award under EAJA unjust; and (4) that an application for fees was made within thirty days of the final judgment, defined as the date a judgment is not appealable, ninety days from the date of entry of judgment in most circumstances.

The Commissioner does not claim that the Plaintiff fails to meet the requirements of the EAJA. Rather, the Commissioner argues that Plaintiff's attorney spent too many hours on this case. Plaintiff's attorney is seeking reimbursement for 48.6 hours of time up to and including the motion for fees, and an additional 12.15 hours for preparing and filing a reply brief to the motion for fees.

The Commissioner correctly points out that when requesting attorney's fees under EAJA, Plaintiff bears the burden of showing that the fees her attorney seeks are reasonable. *See Ashton v. Pierce*, 580 F.Supp. 440, 441 (D.C. Cir.1984), (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). The Supreme Court has stressed that "[h]ours that are not properly billed to one's client *also* are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434 (emphasis in original).

The Commissioner then claims that Plaintiff's request of fees for 48.6 hours of attorney time appears to be unreasonable. The gist of the Commissioner's argument is that since Plaintiff's counsel represented Plaintiff at the hearing level and before the Appeals Council, she should not have had to work very many hours to produce briefs before this court. The Commissioner also points out that the record in this case is a "mere" 985 pages long, which the Commissioner believes would not take much time to review.

Notably, as Plaintiff points out, the Commissioner's arguments are not supported by any

case law.  In fact, the amount of time Plaintiff's attorney spent falls within the range of what is considered reasonable by this district and other district courts of the Seventh Circuit for Social Security litigation. *See Hawkins v. Commissioner* 1:15-cv-00121, 2017 WL 3668626, *2 (N.D. Ind. Aug 25, 2017) (collecting cases indicating that a permissible range of time for an attorney to spend on a social security appeal is between 40 and 60 hours).

The Commissioner claims that three hours was too much time to review the ALJ hearing decision and transcript because Plaintiff's attorney should have already been familiar with the record.  However, as Plaintiff notes, the ALJ hearing took place on July 1, 2015, and a brief to the Appeals Council was submitted on October 10, 2015. (Tr. 37, 380-382). Thus, Plaintiff's attorney time on June 24, 2017, reviewing the record and ALJ decision, occurred nearly two years after the hearing.  Given the time that elapsed between the administrative and court proceedings, spending three hours to become reacquainted with an ALJ decision and a 985 page record to draft a persuasive argument is far from unreasonable. *See Hawkins*, 2017 WL 3668626, *2 (finding that 6.5 hours to review a 578 page administrative record is certainly not excessive where the attorney also represented Plaintiff at the administrative level). The Commissioner also claims that a 985 page record is "relatively short." However, this court has previously held that a record half that size—400 pages—is not short. *Monk v. Colvin*, No. 2:15-cv-233, 2016 WL 4445659, at *2 (N.D. Ind. Aug. 23, 2016).

The Commissioner also asserts that spending 10.3 hours drafting the jurisdictional and procedural history and statement facts was also "unreasonable," given the attorney's presumed familiarity with the case and since these sections "only constituted 11 pages of the brief." As noted above, a significant amount of time elapsed since the attorney handled the case at the

3

administrative level. Even if an attorney is familiar with the record, ensuring that the statement of facts is concise, accurate, and relevant to the arguments is a tedious and time consuming process, particularly when the record is fairly lengthy. The Statement of Facts is also a very important part of the brief, and Plaintiff's counsel must be well versed on the facts to produce a good Statement of Facts. "The Statement of Facts is as important as any portion of the brief." *See Ruggero J. Aldisert, Winning on Appeal: Briefs & Oral Argument* 154 (1992). Judge Aldisert also noted that this portion of the brief should be written and rewritten again before being placed in final form. *Id.*

With regard to the arguments in the Opening Brief, the Commissioner claims it was unreasonable to spend 14.3 hours to "draft arguments, the majority of which she previously made to the Appeals Council." However, Plaintiff's attorney states that the Commissioner mischaracterizes the time spent as solely drafting arguments, when in fact that time also included performing legal research. A comparison of the arguments made to this Court and to the Appeals Council also refutes Commissioner's claim that counsel merely "recycled many of the arguments she made to the Appeals Council when drafting her brief to this Court." Plaintiff's counsel points out that the argument in the Appeals Council brief comprised about two pages of single-spaced type. (Tr. 380-382). The arguments made in Plaintiff's Opening Brief are about twelve pages of double-spaced type. While Plaintiff's attorney raised some of the same issues in this Court that she brought to the attention of the Appeals Council, the arguments are not the same. The arguments raised to the Court are much more detailed than those before the Appeals Council, and they are supported by more extensive analysis and relevant case law. This approach was necessary and prudent given that the Appeals Council denied review and presumably found the

4

arguments unpersuasive. (Tr. 1-7).

With regard to the argument concerning the evaluation of the medical opinion evidence of Drs. Reecer and Rahn, the Appeals Council argument consisted of four paragraphs of single-spaced type. (Tr. 380-381). In Plaintiff's Opening Brief, this argument was approximately seven and a half pages in length. Plaintiff added two to three pages explicitly refuting the reasons the ALJ offered for rejecting the treating source opinion evidence and added supporting citations to the record. Plaintiff also added an argument concerning the ALJ's failure to consider the sacroiliac joint dysfunction and provided more information concerning the state agency opinions and the ALJ's treatment of those opinions in the context of the evaluation of the treating source opinions. As mentioned above, Plaintiff's arguments to the court also required legal research, and the argument included citations to pertinent case law and a discussion of that law in the context of Plaintiff's arguments.

The second argument in Plaintiff's Opening Brief concerned the evaluation of the symptom testimony and was approximately five pages in length. While this argument incorporated portions of a single paragraph argument raised to the Appeals Council concerning the failure to evaluate the opinion of a Melanie Rey, R.N., the second argument to this Court is new and not a "recycled" Appeals Council argument. (Tr. 381-382). This argument is likewise supported by detailed analysis and case law.

The Commissioner also claims that the time spent on the arguments was not reasonable because the issues were not "novel or unique." While the legal arguments that Plaintiff's attorney advanced are not "novel or unique," the arguments are factually complex. The court has described issues regarding physicians' opinions and credibility as "multifaceted" and requiring

"close and careful analysis of the record." *Snider v. Astrue*, 2009 WL 1766925, *5 (N.D. Ind. June 23, 2009). In fact, "most social security cases do not present particularly complex legal issues, but that does not mean that providing a thorough exegesis of the record, pointing out various pieces of evidence that the administrative law judge overlooked or misrepresented, and explaining why those oversights are material to the outcome does not take time." *Monk*, 2016 WL 4445659, at *2.

The Commissioner next claims that 5.5 hours revising, proof-reading, and cite-checking the brief is unreasonable. However, the Commissioner offers no support for this claim. Spending 5.5 hours editing a 25 page brief is equivalent to less than less than 15 minutes per page to edit the brief for content, formatting, and grammatical errors, to ensure accuracy to citations to a record of nearly 1000 pages, and to verify that case law citations are correct and properly formatted. This amount of time is not unreasonable, nor is the total time of 33.1 hours preparing the Opening Brief. Notably, the Commissioner has not identified anything that should have been omitted from the brief or cited any authority supporting the reduction.

There is ample authority indicating that amount of time Plaintiff spent on the Opening Brief is reasonable. *See e.g., Monk*, 2016 WL 4445659, at *2 (finding that 37.6 hours is a reasonable amount of time to spend "reviewing the record and drafting the opening brief"); *Davenport v. Colvin*, No. 2:11-CV-402-PPS, 2013 WL 5701060, at *3 (N.D. Ind. Oct. 17, 2013) (finding it reasonable for a law clerk to expend 32.6 hours on an opening brief and for the supervising attorney to expend an additional 7.21 hours); *Garcia v. Colvin* No. 1:11-cv-165, 2013 WL 1343662 at *2 (finding it reasonable to spend 37.75 hours drafting an opening brief, 10 of which were spent writing the statement of facts); *Burke v. Astrue*, No. 08 C 50136, 2010 WL

1337461, at *3 (N.D. Ill. Mar. 31, 2010) (observing that 34.4 hours spent reviewing an administrative transcript, performing legal research, and drafting a brief in support of a motion of summary judgment is reasonable).

With regard to the reply brief, the Commissioner claims that 11.8 hours is unreasonable given that the brief was only 7 pages long. Again, the Commissioner cites no support for this claim. This argument is also contrary to what this court has found to be a reasonable amount of time for drafting a reply brief. *See Hawkins*, 2017 WL 3668626, *2 (N.D. Ind. Aug 25, 2017) (finding that 14.4 hours is within the reasonable range of hours to expend on a reply brief 5.5 pages in length); *see also Garcia* 2013 WL 1343662, at *4 (expending 23 hours on a 15-page reply brief was not "patently unreasonable").

Clearly, the time spent by Plaintiff's counsel was well within the parameters generally considered reasonable in the courts within the Seventh Circuit. *See e.g, Schulten v. Astrue*, 08 CV 1181, 2010 WL 2135474 at *6 (N.D. Ill. 2010) (holding at 40-60 hours falls within the permissible range for Social Security cases and $8,180.25 for 48.75 hours); *Simms v. Astrue*, No.: 2:08-cv-00094-PRC, 2009 WL 1659809 at *2 (N.D. Ind. June 12, 2009) ($9,842.37 for 52.7 hours); *Martinez v. Astrue*, No.:2: 10-cv-370-PRC, 2012 WL 1563907 at *2 (N.D. Ind. Apr. 30, 2012) ($10,481.55 for 57.5 hours). Accordingly, for the foregoing reasons, Plaintiff's motion for EAJA fees [DE 15] and Plaintiff's supplemental motion for EAJA fees [DE 20] will both be granted.

Conclusion

On the basis of the foregoing, Plaintiff's motion for EAJA fees [DE 15] and Plaintiff's supplemental motion for EAJA fees [DE 20] are both hereby GRANTED, and Plaintiff is hereby AWARDED $12,051.00 in EAJA fees.

Entered: April 2, 2018.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court